# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

LAKEWATER K PERRY LLC,

    Plaintiff,

v.                                                    CASE NO. 4:18cv90-RH/CAS

KMART CORPORATION

    Defendant.

_____/

## **AMENDED ORDER ON THE MOTION TO COMPEL DISCOVERY**[1]

The plaintiff moved to compel the defendant to produce documents and respond to requests for admissions. The plaintiff withdrew the portion of the motion directed to requests for admissions. After the plaintiff filed the motion, the defendant began production of the requested documents. At a hearing on July 19, 2018, the plaintiff agreed that the ongoing production is satisfactory; the plaintiff

---

[1] This amended order corrects a scrivener's error in the original order entered on July 19, 2018. The plaintiff's attorney brought the error to the attention of the court's staff. The original order said, in paragraph 2 on page 3, that the "defendant must pay the defendant." ECF No. 27 at 3. This order changes the second "defendant" to "*plaintiff*" and italicizes the word. This amended order is identical to the original except for the change of that one word, the addition of this footnote, and the addition of the word "amended" to the title.

did not request an order compelling production. But the plaintiff did ask for a fee award.

Federal Rule of Civil Procedure 37(a)(5)(A) applies when a motion to compel is granted or a party provides discovery after a motion to compel is filed. A party or attorney whose conduct necessitated the motion "must" be ordered to pay the reasonable expenses incurred in making the motion, including attorney's fees, unless the moving party filed the motion before attempting in good faith to obtain the discovery without court action, or the opposing party's position was "substantially justified," or "other circumstances make an award of expenses unjust." Unless one of these conditions is met, an award of expenses is "mandatory." *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993) (citing *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. Unit A June 1981)). A position is "substantially justified" if it results from a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations, quotation marks, and brackets omitted); *Devaney*, 989 F.2d at 1163.

Under the circumstances of this case, an award is "mandatory," and I would make an award as a matter of discretion even if an award was not mandatory. To avoid unnecessary expense in determining the amount of the fee award, this order sets an amount, subject to redetermination.

For these reasons,

IT IS ORDERED:

1. The plaintiff's motion to compel discovery, ECF No. 20, is denied as moot.

2. The defendant must pay the *plaintiff* $500 as attorney's fees. If a party asserts that this is not the amount of fees reasonably incurred by the plaintiff on the motion to compel, the party may move within 14 days to redetermine the amount, and the matter will be reconsidered de novo. Attorney's fees may be assessed against the party who loses any such motion to redetermine. The fees assessed under or based on this order must be paid by August 9, 2018 (if no motion to redetermine is filed) or within 14 days after entry of an order on any motion to redetermine.

SO ORDERED on July 20, 2018.

s/Robert L. Hinkle  
United States District Judge
